IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NANCY TAN PUA, | ) | No. C 10-01315 JW (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| PAUL COPENHAVER, Warden, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner, a federal prisoner incarcerated at the Federal Correctional Institution in Dublin, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Petitioner has paid the filing fee.

**DISCUSSION**

A.   Standard of Review

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence on the ground that the sentence is

---

[1] As petitioner is incarcerated within the Northern District of California and her petition challenges the execution of her federal sentence, venue is proper in this district. See Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989).

United States District Court
For the Northern District of California

being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>United States v. Giddings</u>, 740 F.2d 770, 772 (9th Cir. 1984). The court should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   <u>Applicable Law</u>

The Federal Bureau of Prisons ("BOP") has the authority, under 18 U.S.C. § 3261(b), to designate the location of an inmate's imprisonment. Prior to December 13, 2002, the BOP's policy was to exercise its discretion in allowing prisoners to serve part or all of their imprisonment in a Residential Reentry Center ("RRC") . <u>Rodriguez v. Smith</u>, 541 F.3d 1180, 1182 (9th Cir. 2008). As of December 13, 2002, the Department of Justice Office of Legal Counsel ended that practice by issuing a legal opinion that § 3621(b) does not authorize inmate placement in an RRC for an entire term, for the reason that such placement does not constitute imprisonment. <u>Id.</u>

In the light of the above-referenced opinion, the BOP, on December 20, 2002, changed its policy, by limiting an inmate's eligibility for placement in an RRC to the shorter of either six months or the final ten percent of the inmate's sentence. <u>Id.</u> Subsequently, that policy was invalidated by the First and Eighth Circuits, which found the policy failed to recognize the BOP's discretion to transfer inmates at anytime to an RRC. <u>Id.</u> In response, the BOP decided to "exercise its discretion categorically to limit inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months." <u>Id.</u> (quoting 69 Fed. Reg. 51213). In 2005, that BOP rule was codified at 28 C.F.R. §§ 570.20 and 570.21. <u>Id.</u>

On April 9, 2008, the Second Chance Act was signed into law, authorizing the BOP to consider placing inmates in an RRC for up to the final twelve months of their sentence. 18 U.S.C. § 3624. On September 4, 2008, the Ninth Circuit decided

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.10\Pua01315_osc-2241.wpd               2

Rodriguez, supra, holding the rules published by the BOP at 28 C.F.R. §§ 570.20 and 570.21 conflicted with the Congressional intent of 18 U.S.C. § 3621(b), which statute sets forth five factors the BOP must consider when making placement and transfer decisions. See Rodriguez, 541 F.3d at 1186. As determined by the Ninth Circuit, inmates must be considered for RRC placement based on the five factors of § 3621(b) and, consequently, the BOP cannot reference 28 C.F.R. §§ 570.20 and 570.21 in considering an inmate for RRC placement. Id. at 1189.

C.  Petitioner's Claims

In the instant petition, petitioner claims the BOP has failed to appropriately place her in accordance with the five criteria set forth in § 3621(b), pursuant to Rodriguez, 541 F.3d 1180. (Pet. 1.) Petitioner asserts that the BOP should redesignate her to Cornell Oakland Pre-Release Center, where her needs would be better served. (Id. at 5 and 10.) Petitioner claims that she has had "successive and serious medical conditions that have been caused or exacerbated by her incarceration and... neglect due to the shortage or absence of resources as SPC Dublin." (Id. at 3.)

Petitioner alleges that she has exhausted her administrative remedies with respect to her claims. (Id. at 10-11.)

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the United States Attorney for the Northern District of California. The clerk shall also send a copy of the petition to the Attorney General of the United States in Washington, D.C.

2. Respondent shall file with the court and serve on petitioner, within **thirty (30) days** of the issuance of this order, an answer responding to the allegations of the petition and showing cause why a writ of habeas corpus should not

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.10\Pua01315_osc-2241.wpd        3

be issued.  Respondent shall file with the answer and serve on petitioner a copy of all documents that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, she shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of her receipt of the answer.

DATED:   July 21, 2010



JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

NANCY TAN PUA,

        Petitioner,

v.

PAUL COPENHAVER, Warden,

        Respondent.

Case Number: CV10-01315 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  7/22/2010 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nancy Tan Pua #32844-112
FEDERAL DETENTION CENTER
SATELLITE PRISON CAMP
5675 8th Street
Dublin, CA 94568

Dated:  7/22/2010

        Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk