FILED

SEP 29 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NANCY TAN PUA,

    Petitioner,

vs.

RANDY TEWS, Warden,

    Respondent.

No. C 10-01315 EJD (PR)

ORDER OF DISMISSAL

    Petitioner, a federal prisoner incarcerated at Santa Rita Jail in Dublin, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that the Federal Board of Prisons ("BOP") had failed to place her appropriately in accordance with the five criteria set forth in 18 U.S.C. § 3621(b), pursuant to Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008). Doc. #1 at 1. Petitioner also has filed a motion for release to home confinement, alleging that her confinement at Santa Rita Jail violates her constitutional rights. Doc. #15. For the reasons set forth below, petitioner's motion for home confinement is DENIED and her habeas petition is DISMISSED for lack of jurisdiction.

Order of Dismissal

## BACKGROUND

In June 2008, the BOP evaluated petitioner for classification and designation to determine at which BOP facility she should serve her sentence. Doc. #4, Exh. 1 at ¶ 5. The BOP "considered the statutory factors at 18 U.S.C. § 3621(b)," information from the courts and the U.S. Marshals, and other information as required by the Inmate Security Designation and Custody Classification, Program Statement 5100.08, which sets forth the procedures to classify and designate inmates pursuant to and consistent with 18 U.S.C. §3621(b). Id. at ¶¶ 4-5.

After considering the relevant information, the BOP assigned petitioner to the female minimum security satellite camp prison at Dublin, California ("SCP Dublin"), which is part of the Federal Correctional Institution at Dublin, California ("FCI-Dublin"). Id. at ¶ 5. In May 2009, petitioner began serving her 34-month sentence for mail fraud, wire fraud, trafficking in counterfeit goods, and money laundering at SCP Dublin. Id. On March 25, 2011, petitioner was transferred to a Residential Re-Entry Center ("RRC") in Oakland, California. Doc. #9 at 1. On June 1, 2011, petitioner was transferred to Santa Rita Jail in Dublin, California. Doc. #15 at 1.

Randy Tews, the current warden at FCI-Dublin, has been substituted in as the respondent in place of the former warden, Paul Copenhaver. See Fed. R. Civ. P. 25(d).

## DISCUSSION

A.  <u>Standard of Review</u>

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>United States v. Giddings</u>, 740 F.2d 770, 772 (9th Cir. 1984). A habeas petition is the proper venue to challenge the validity of an

Order of Dismissal

RRC placement decision. See, e.g., Rodriguez, 541 F.3d 1180 (affirming grant of habeas relief on challenge to BOP's failure to transfer petitioner to an RRC).

B. <u>Applicable Law</u>

The BOP has the authority, under 18 U.S.C. § 3621(b), to designate the location of an inmate's imprisonment. Rodriguez, 541 F.3d at 1182. Inmates must be considered for RRC placement based on the five factors set forth in Section 3621(b), and the BOP may not reference 28 C.F.R. §§ 570.20 and 570.21 in considering an inmate for RRC placement. Id. at 1189. Under 18 U.S.C. § 3624(c), the BOP has an affirmative duty to consider placing the inmate in a community RRC or similar pre-release alternative towards the end of the inmate's prison term. Id. at 1184. However, the BOP has the discretion to transfer inmates to an RRC at anytime. Id. at 1182, 1185-89 (holding that BOP regulations categorically excluding RRC placement of inmates with more than ten percent of their sentences remaining violates Congressional intent that BOP must consider several factors to determine placement under Section 3621(b)).

Federal courts lack jurisdiction to review "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621, 3624. Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) ("The plain language of [18 U.S.C. § 3625] specifies that the judicial review provisions of the [Administrative Procedure Act], 5 U.S.C. §§ 701-706, do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624."). But federal judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority. Id. But see Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (concluding that discretionary determinations regarding conditions of confinement do not create due process rights).

C. <u>Petitioner's Claims</u>

Petitioner argues that the BOP failed to place her appropriately in accordance

Order of Dismissal

3

with the five criteria set forth in 18 U.S.C. § 3621(b), pursuant to Rodriguez, 541 F.3d 1180. Doc. #1 at 1. Petitioner does not allege that the BOP's action in assigning her to the Federal Prison Camp was contrary to established federal law, violated the United States Constitution, or exceeded its statutory authority. Instead, she argues that proper consideration of the statutory criteria set forth in Section 3621(b) requires the BOP to redesignate her to an RRC. Id. at 5, 10.

Petitioner was evaluated for classification and designation by the BOP in June 2008. In assigning Petitioner to SCP Dublin, the BOP considered "all of the statutory factors at 18 U.S.C. § 3621(b)", and the other information required by the BOP's classification, designation and redesignation procedures, which are consistent with the statutory authority contained in Section 3621(b). Pursuant to 18 U.S.C. § 3625, this Court lacks jurisdiction to review the BOP placement decisions made pursuant to 18 U.S.C. § 3621(b). Reeb, 636 F.2d at 1226. Therefore, Petitioner's habeas petition is DISMISSED.

D. Petitioner's Motion for Home Confinement

On August 5, 2011, after her transfer to Santa Rita Jail, petitioner filed a motion seeking release to home confinement. Doc. #15. Petitioner argues that the sub-standard conditions and inadequate facilities at Santa Rita Jail constitute cruel and unusual punishment in violation of the Eighth Amendment and deny her access to the courts, in violation of the Thirteenth Amendment. Doc. #15 at 7. To the extent that petitioner is challenging the conditions of her confinement, her motion is DENIED because these claims are not cognizable in a habeas petition. See Badea v. Cox, 931 F.2d 573 (9th Cir. 1991) ("A civil rights action [brought pursuant to 42 U.S.C. § 1983]... is the proper method of challenging 'conditions of ... confinement.'") (citing Presier v. Rodriguez, 411 U.S. 475, 499 (1973)). Should petitioner elect to pursue these claims, she must do so by filing a civil rights complaint under 42 U.S.C. § 1983.

Order of Dismissal

4

## CONCLUSION

For the foregoing reasons and for good cause shown, this action is DISMISSED for lack of jurisdiction and petitioner's motion requesting home confinement (Doc. #15) is DENIED.

The Clerk shall terminate any pending motions and close the file.

DATED: 9/28/11

EDWARD J. DAVILA
United States District Judge

G:\PRO-SE\SJ.EJD\HC.10\Pua01315_dism-reeb.wpd

Order of Dismissal

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

NANCY TAN PUA,

    Plaintiff,

v.

PAUL COPENHAVER et al,

    Defendant.
_____/

Case Number: CV10-01315 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nancy Tan Pua PFN. No   ULG 056
REG. No 32844-112
Santa Rita Jail
5325 Broder Blvd.,
Dublin, CA 94568

Dated: September 29, 2011

                                        Richard W. Wieking, Clerk
                                        /s/ By: Elizabeth Garcia, Deputy Clerk